## WALTHAM v. CARSON.

The failure of the defendant to appear on the trial of an action of replevin, when the cause is called, is a waiver of a jury, under the one hundred and seventy-ninth section of the Practice Act.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action of replevin, to recover certain personal property.   The testimony was taken in the case by a referee, and reported to the Court ; but when the case was called on the calendar for trial, the defendant failed to appear, and the Court tried the case without the intervention of a jury.   The value of

Waltham *v.* Carson.

the property was assessed at $800.    The plaintiff had judgment, and the defendant appealed.

*Clark & Gass* for Appellant.

There are two points assigned as error in this case—

1. That the judgment rendered by the Court is not supported by the evidence ; and,

2. Error in the Court in waiving a jury without the consent of the parties, and trying the cause and rendering judgment therein.

As we believe there is sufficient contained in the second point to entitle the appellant to a new trial, we will confine ourselves to that alone.

Article one section three of the Constitution of this State, provides that " the right of trial by jury shall be secured to all, and remain inviolate forever; but a jury trial may be waived by the parties in civil cases, in the manner to be prescribed by law."

The question, then, to be considered is, whether any provision has been made by law for the waiver of a jury in the class of cases to which this belongs.    It is provided, by the one hundred and seventy-ninth section of the Civil Practice Act, " that trial by jury may be waived by the several parties to an issue of fact in actions arising on contracts; and, with the assent of the Court, in other actions, in the following manner :

1.  By failing to appear at the trial.

2.  By written consent, in person or by attorney, filed with the clerk.

3.  By oral consent, in open Court, entered on the minutes. The Court may prescribe by rule what shall be deemed a waiver in other cases.

That the Legislature has attempted to prescribe by law the manner in which a jury shall be waived, in civil cases, is evident from the section of the Practice Act referred to, but has it succeeded in prescribing the manner in all cases?

By the said one hundred and seventy-ninth section, causes of action are divided into two classes: *first,* " actions arising on contracts ;" and, *second,* all other actions.    In one of these class of cases, the law provides specifically what shall be deemed a waiver of a jury; in the other, it is left to the Court to " prescribe by rule " what shall be deemed a waiver.    In which class of cases has the manner been prescribed ?    We think it evident, from the language of the section referred to, that it is confined to the first, in actions arising upon contracts.    That this is the view heretofore taken, by this Supreme Court, we think can not be doubted.    In Zane *v.* Crowe, 4 Cal., 112, which was a suit upon a promissory note, the Court decided that the first subdivision of the said section was applicable to that case.    That was a suit upon a contract, and it was held that the defendant waived

a jury by "failing to appear at the trial." It only remains, then, to inquire, whether the Court did prescribe any rule by which a jury should be waived in this class of cases; and if so, the power of the Court to prescribe such a rule. For the purpose of the argument, we are willing to admit that the Court may have prescribed such a rule in this case; but if so, we hold that such rule was unconstitutional and void. Exline v. Smith et al., 5 Cal. R., 112.

This decision, we think, covers the whole case, and the reasoning of the Court appears to us so just and conclusive, that we. have no doubt but it will be adhered to by the Court. No power, then, existed in the Court to waive a jury in this case; that notwithstanding the defendant failed to appear at the trial, he was entitled to have the cause passed upon by a jury. It was not a case "arising on contract," where the contract which the plaintiff would be bound to prove would determine the rights of the parties and the amount to be recovered, etc., but it was a case where the value of property was to be passed upon, the question of the ownership of the property, and the amount of damage sustained by the plaintiff in consequence of the taking and detention, etc. This was a "sacred right" to the appellant, which the Court deprived him of, and that without authority of law; and in doing so, we think the Court committed such an error as should entitle the appellant to a new trial.

*Thos. H. Williams* for Respondent.

The first assignment of error being in fact abandoned, the second only remains to be considered, and this is answered by section one hundred and seventy-nine of the Practice Act. The fact that the Court tried the cause without a jury, is of course conclusive evidence of its assent that a jury should be waived. The appeal is for delay, and damages are asked.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The plaintiff had judgment, and the defendant appealed, and assigns as error; *first*, that the findings of the Court are unsupported by the evidence; and, *second*, that the cause was tried without a jury. The first assignment is abandoned in the brief of appellant; and the second assignment is answered by the fact that a jury was waived by the failure of the defendant to appear at the trial. (Practice Act, § 179.)

Judgment affirmed, with ten per cent. damages on the assessed value of the property.